28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ASSOCIATES FINANCIAL SERVICES COMPANY OF NEW MEXICO, INC.,
Plaintiff-Appellee,
v.
Orlando A. RODRIGUEZ, Defendant-Appellant.
 No. 93-2194.
 United States Court of Appeals,
Tenth Circuit.
 May 26, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the remand by the district court of this removal action to state court. Plaintiff brought a foreclosure action against defendant in state court. Defendant then removed the action to federal court, citing 28 U.S.C. 1441(b), 1442(a) and 1443 as bases for removal. The district court found that neither federal question nor diversity jurisdiction existed and, therefore, remanded the action to the state court.
 
 
 3
 28 U.S.C. 1447(d) provides that an order of remand to the state court from which it was removed is not reviewable on appeal, except if the removal was pursuant to 1443. See also Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 342-43 (1976). Thus, we lack jurisdiction to review the remand order to the extent it is based on 1441(b) and 1442(a).
 
 
 4
 To the extent, however, the removal was based on 1443, we may review the order of remand. Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir.1990). The Supreme Court has set forth a two-part test for 1443 removal: "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " Johnson v. Mississippi, 421 U.S. 213, 219 (1975)(quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear ... that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " Id. (quoting 1443(1)).
 
 
 5
 Defendant's broad, conclusory, and unsupported allegation of "racism in the courts of New Mexico" does not meet the Johnson standard for 1443 removal. See Ronan v. Stone, 396 F.2d 502, 503 (1st Cir.1968). "State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations...." Id. Because there was no proper removal under 1443, we affirm the remand order to the extent removal was sought pursuant to 1443.
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and the appeal is DISMISSED for lack of jurisdiction in part. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470