**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DOUGLAS F. MOELLER,

      Plaintiff-Appellee,

v.

ORLANDO A. RODRIGUEZ,

      Defendant-Appellant.

No. 96-2237
(D.C. No. CIV 96-709-BB)
(D. N.M.)

ORDER AND JUDGMENT*

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from an order of the district court remanding an action which defendant-appellant Orlando A. Rodriguez, proceeding pro se, had removed from a New Mexico state court. We exercise our jurisdiction pursuant to 28 U.S.C. § 1447(d)[1] and affirm.

Plaintiff-appellee Douglas F. Moeller, a citizen of New Mexico, sued Mr. Rodriguez, also a citizen of New Mexico, in San Juan County District Court. Mr. Moeller's complaint alleged the state law claims of slander, intentional infliction of emotional distress, practice of law without a license, invasion of privacy, harassment, and prima facie tort. Mr. Rodriguez filed an answer and counterclaim in state court and later filed a notice of removal, citing the removal provisions applicable to civil rights cases, 28 U.S.C. § 1443.[2] The district court remanded the action for lack of subject matter jurisdiction.

---

[1] The general rule is that, when a federal district court remands an action for lack of jurisdiction, this court is without jurisdiction to hear any appeal or writ of error. There is an exception to the rule, however, for a matter removed as a civil rights case. See 28 U.S.C. § 1447(d).

[2] Section 1443 authorizes the removal of a state law action:

(1)    Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)    For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

-2-

The requirements for removal under § 1443(1) are narrow and well-defined. See Davis v. Glanton, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" Johnson, 421 U.S. at 219 (quoting 28 § 1443(1)).

The second requirement must be satisfied by specific allegations of fact. See 14A Charles Alan Wright et al. Federal Practice and Procedure § 3728, at 469 (2d ed. 1985). Its purpose is "to give state courts the power and opportunity to correct alleged denials of civil rights whenever possible, and thereby to avoid unnecessary federal interference with state judicial processes." Id. at 469-70 (footnote omitted).

Mr. Rodriguez claims that, in the state courts, he cannot enforce his right to be protected from racial discrimination due to his Hispanic heritage because of a corrupt environment. He states that he is at a disadvantage in the legal system in that a "stigmata" marks him as an individual "who can be routinely degraded, injured, subjugated or damaged without fear of any reprisal." Appellant's Br. at 4-5. See also id. at 7, 9, 11.

-3-

Mr. Rodriguez has not shown an inability to enforce specific civil rights relating to racial equality or an unwillingness of the New Mexico state courts to protect his federal rights. His conclusory and extraneous allegations do not meet the requirements for removal under § 1443(1).[3]

Similarly, Mr. Rodriguez is not entitled to removal under § 1443(2), which authorizes a defendant to remove a civil action alleging "any act under color of authority derived from any law providing for equal rights." In City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966), the Supreme Court concluded that this clause "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." From the record before us, it is apparent that Mr. Rodriguez is not a federal officer or agent.

---

[3]    We note that Mr. Rodriguez relied on apparently similar allegations in an attempt to remove the case of Associates Financial Services Co. of New Mexico, Inc. v. Rodriguez, No. 93-2194, 1994 WL 209818 (10th Cir. May 26, 1994). In that case, we stated:

> Defendant's broad, conclusory, and unsupported allegation of "racism in the courts of New Mexico" does not meet the Johnson standard for 1443 removal. See Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). "State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations . . . ." Id. Because there was no proper removal under 1443, we affirm the remand order to the extent removal was sought pursuant to 1443.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.  Mr. Moeller's motion to affirm or dismiss is denied as moot.  The mandate shall issue forthwith.

                                        Entered for the Court


                                        James E. Barrett
                                        Senior Circuit Judge