James F. RONAN, Petitioner, Appellant,

v.

Harry K. STONE et al., Respondents, Appellees.

No. 7050.

United States Court of Appeals First Circuit.

June 5, 1968.

---

* The actual employer was the shipping subsidiary of the coal company.

James F. Ronan, pro se.

Elliot L. Richardson, Atty. Gen., and Willie J. Davis, Asst. Atty. Gen., on the brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Ronan, describing himself as defendant-petitioner, and the other parties as respondents, brought a petition to remove an action from the state court under 28 U.S.C. § 1443. The allegations are confused and unilluminating. The district court dismissed the petition, stating it believed that Ronan was a plaintiff in the state court proceedings. If its belief was correct, this would have been an adequate reason, since the statute provides for removal only by defendants. From what we can make of the papers, however, we may wonder whether the state action may not be an adoption proceeding, brought by another to adopt Ronan's children. In such event Ronan would logically appear to be a defendant. Mass.G.L. c. 210, § 3; cf. In re Freiberg, E.D.La., 1967, 262 F.Supp. 482. This, however, would not advance his present cause. State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations of which the following are typical; that the Massachusetts courts "by custom, are prejudiced beyond any reasonable expectation, in the dispensing of equal justice, freedom, and protection of the law;" that the Commonwealth, "its agents, its judges * * * in the color of their office, have continued a conspiracy over a number of years;" and that "there is no evidence upon which petitioner may be convicted [of what, does not appear] consistent with due process of law. * * " We can make no affirmative sense out of the petition, except in the negative respect that we find no allegation that petitioner is denied, or cannot enforce, any right which would give him grounds for removal under 28 U.S.C. § 1443. State of Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925; City of Greenwood, Miss. v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

The district court was technically in error in dismissing the petition; the proper action was to remand. 28 U.S.C. § 1447(c).

The action is remanded to the district court for correction of its order consistent herewith.