

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2006

# Comm of PA v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Comm of PA v. Vora" (2006). *2006 Decisions.* Paper 332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-364                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2004

_____

COMMONWEALTH OF PENNSYLVANIA

v.

DR. CHANDAN S. VORA,

Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00005J)
District Judge: Honorable Gustave Diamond

_____

Submitted For Possible Dismissal as Untimely or Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

BEFORE:  FUENTES, VANANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed: October 12, 2006)

_____

OPINION

_____

PER CURIAM

        Chandan S. Vora appeals the January 13, 2006 and February 15, 2006 orders of the

United States District Court for the Western District of Pennsylvania dismissing pursuant

to 28 U.S.C. § 1915(e)(2)(B) her "Petition for Removal" for lack of jurisdiction and denying her motion to vacate.

In January 2006, Chandan Vora filed a motion to proceed in forma pauperis and a "Petition for Removal," of a City of Johnstown complaint charging Vora with violation of Johnstown's property maintenance ordinance relating to the accumulation of garbage on her property. On January 13, 2006, the District Court dismissed the removal petition, concluding that the "Petition for Removal" sought to attack a criminal proceeding over which the District Court had no jurisdiction and that the pleadings failed to state a claim upon which relief could be granted. On February 10, 2006, Vora moved to vacate the dismissal of her removal action. By order entered February 15, 2006, the District Court denied it for the same reasons set forth in its original dismissal order.[1] Vora filed a notice of appeal on March 17, 2006.

First, Vora's notice of appeal from the order dismissing the petition for removal is clearly untimely under Fed. R. App. P. 4(a)(1), as it was filed more than one month too late. In a civil case in which the United States is not a party, a notice of appeal must be filed within thirty (30) days of the date of entry of the final judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). On September 22, 2004, the District Court granted in forma

---

[1] The District Court incorrectly treated Vora's motion as one brought pursuant to Rule 59. Vora's motion seeks relief from judgment because she is ill and can't take the alleged harassment by city officials. She also seeks to consolidate another District Court action she filed on February 10, 2006. The request for relief is more appropriately treated as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

2

pauperis and dismissed the Vora's removal petition pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of jurisdiction and as otherwise frivolous. Appellant's motion to vacate did not toll the appeals period because it was filed more than ten days after entry of the District Court's order. See Fed. R. App. P. 4(a)(4). Thus, Appellant had until February 12, 2006, to file a timely notice of appeal. Appellant did not file a notice of appeal until March 17, 2006, more than thirty days after entry of judgment. Accordingly, the appeal of the District Court's January 13, 2006 order is dismissed as untimely. Vora's appeal of the denial of her motion to vacate is timely, however, and thus, we will consider the appeal of that order.

Vora was granted leave to proceed in forma pauperis, and the appeal is now before the Court for determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the Court must dismiss an appeal if it is frivolous or malicious. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that the motion to vacate was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the code violation citation was part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; See also 28 U.S.C. § 1447(a). Here, the citation is a proceeding before a district justice on a municipal code violation; it is not a state court criminal proceeding. Even if

3

we assume arguendo that the civil rights removal statute applies to municipal code violation proceedings, Vora's rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

4