

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# Comm of PA v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Comm of PA v. Vora" (2006). *2006 Decisions.* Paper 240.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/240

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-33                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3295
_____

COMMONWEALTH OF PENNSYLVANIA

v.

DR. CHANDAN S. VORA,

Appellant

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00106-GD)
District Judge: Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 26, 2006

Before: SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>
(Filed: November 6, 2006)

OPINION

PER CURIAM

Chandan S. Vora appeals from the May 24, 2006 order of the United States

District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. §

1915(e)(2)(B) her "Petition for Removal" for lack of jurisdiction.

In May 2006, Dr. Chandan Vora filed a motion to proceed <u>in forma pauperis</u> and a

"Petition for Removal." In that petition, Vora attempted to remove two City of Johnstown summonses charging Vora with driving with an unsecured load, a summary traffic offense under 75 Pa. C.S.A. § 4903, and scattering rubbish in violation of 18 Pa. C.S.A. § 6501 (another summary offense), two arrest warrants issued for her failure to appear on the summonses, a request for suspension of Vora's driver's license for failure to respond to the traffic summons and to pay the fines and costs, and a criminal complaint and trial notice, both filed September 22, 2005, alleging a municipal code violation with respect to certain motor vehicles on Vora's property. She submitted a sizeable volume of medical records in support of her claim that City of Johnstown officials of Italian descent and others conspired to violate her civil rights.

On May 24, 2006, the District Court dismissed the "Petition for Removal," concluding that the petition sought to attack a criminal proceeding over which the District Court had no jurisdiction and that the pleadings failed to state a claim upon which relief could be granted. Vora immediately moved to vacate the dismissal order, claiming that the City of Johnstown officials were part of a much larger conspiracy that began in the 1970's and involved the Prime Minister of India, among others. The District Court treated the motion as a timely filed reconsideration motion and denied it for the same reasons set forth in its original dismissal order. This timely appeal followed.

Vora was granted leave to proceed in forma pauperis, and the appeal is now before the Court for determination pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an appeal if it (i) is frivolous or malicious, (ii) fails to state a claim upon which

2

relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal may be dismissed under § 1915(e)(2)(B) for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that the District Court correctly dismissed the "Petition For Removal" for lack of jurisdiction and properly denied the reconsideration motion. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that city personnel engaged in harassing prosecutions in violation of her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; see also 28 U.S.C. § 1447(a). Here, the citations, summonses, complaints and warrants entail summary proceedings before a district justice and the license suspension request is an administrative matter. Assuming in Vora's favor that the civil rights removal statute applies to such proceedings, her rambling, generalized, and unsupported allegations do not meet the specific criteria for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due.

Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Vora's motions for injunctive relief are denied.