

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# Janciga v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4987

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Janciga v. Vora" (2007). 2007 Decisions. Paper 953.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/953

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-246                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4987
_____

JEFFREY W. JANCIGA, of the
Johnstown Police Department;

v.

CHANDAN S. VORA,

Appellant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00232J)
District Judge: Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 24, 2007

BEFORE:  BARRY, AMBRO and FISHER, Circuit Judges

(Filed: June 12, 2007)
_____

OPINION
_____

PER CURIAM

    Chandan S. Vora appeals the order of the United States District Court for the

Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B), her

"notice of removal" of criminal citations issued by the Johnstown Pennsylvania Police Department.

In October 2006, Vora filed a "notice of removal" seeking to remove a City of Johnstown police complaint charging her with violations of Pennsylvania law, namely, disorderly conduct, obstructing highways, scattering rubbish, and various traffic/nuisance citations. She claimed that the City of Johnstown Police Department and other city officials discriminated against her on account of her religious and ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court concluded that the "Notice of Removal" sought to attack state court proceedings over which the District Court had no jurisdiction. This timely appeal followed.

Vora has been granted leave to proceed in forma pauperis on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her petition was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the code violation citation was part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; See also 28 U.S.C. § 1447(a). Here, the citation is a proceeding before a district justice on a municipal code violation; it is not a state court criminal proceeding. Even if we assume

2

arguendo that the civil rights removal statute applies to municipal code violaiton proceedings, Vora's generalized and unsupported allegations do not meet the specific criterion for § 1443 removal.  See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968).  We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

3