

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2007

# Killinger v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2482

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Killinger v. Vora" (2007). *2007 Decisions*. Paper 636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-302                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-2482
_____

JOHNSTOWN POLICE COP KILLINGER

v.

DR. CHANDAN S. VORA,

Appellant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00078-J)
District Judge:  Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2007

BEFORE:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>.

(Filed: August 1, 2007)
_____

OPINION
_____

PER CURIAM

Chandan S. Vora appeals the order of the United States District Court for the

Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) her

"notice of removal" of criminal citations issued by the Johnstown Pennsylvania Police Department.

In April 2007, Vora filed a "notice of removal" seeking to remove a City of Johnstown traffic citation for not heeding traffic control signals (No. B3963272-5) and two police complaints (Docket Nos. CR-0000132-07 & CR-0000157-07) charging her with violations of Pennsylvania law, namely, theft, receiving stolen property, disorderly conduct, scattering rubbish (a repeat offense/misdemeanor) and various traffic/nuisance citations. She claimed that the City of Johnstown Police Department, Officer Killinger, and other city officials discriminated against her on account of her religious and ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court dismissed the petition as frivolous under 28 U.S.C. § 1915(e)(2)(B), holding that the "Notice of Removal" sought to attack state court proceedings over which the District Court had no jurisdiction. Vora filed a motion to vacate, which the District Court denied. This timely appeal followed.

Vora has been granted leave to proceed in forma pauperis on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her petition was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the traffic citation and criminal complaints are part of a larger conspiracy by all city personnel to violate her

2

civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; See also 28 U.S.C. § 1447(a). Here, Vora was ordered to appear in a proceeding before a district justice on a mix of traffic and criminal violations. Even if we assume arguendo that the civil rights removal statute applies to the traffic citation and two criminal complaints that Vora seeks to remove, Vora's rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). We discern no abuse of discretion by the District Court in denying Vora's motion to vacate. We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due.

Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).