

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2007

# Clearfield Pol Dept v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1940

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Clearfield Pol Dept v. Vora" (2007). *2007 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-303**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-1940
_____

CLEARFIELD BOROUGH POLICE DEPARTMENT

v.

CHANDAN S. VORA,

Appellant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00012J)
District Judge:  Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2007

BEFORE:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>.

(Filed:  August 1, 2007)
_____

OPINION
_____

PER CURIAM

Chandan S. Vora appeals the order of the United States District Court for the

Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) her

"notice of removal" of various warrants and criminal complaints lodged against her in Johnstown and Clearfield, Pennsylvania.

In January 2007, Vora filed a "notice of removal" seeking to remove an old Johnstown Police arrest warrant issued in 2003, a recent criminal complaint issued by the Johnstown Pennsylvania Police Department (No. CR-768-06), and a notice of an active arrest warrant (dated January 8, 2007) from the Clearfield Borough Police Department, charging her with a traffic violation. The Clearfield Police charged Vora with operating a vehicle without rear headlights. The Johnstown Police Complaint charges Vora with violations of Pennsylvania law, namely, littering and securing loads (loose garbage) in her vehicle. She claimed that the City of Johnstown Police Department, the Clearfield Borough Police, and other city officials discriminated against her on account of her religious and ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court dismissed the petition as frivolous under 28 U.S.C. § 1915(e)(2)(B), holding that the "Notice of Removal" sought to attack state court proceedings over which the District Court had no jurisdiction. This timely appeal followed.

Vora has been granted leave to proceed in forma pauperis on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her notice of removal was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the arrest warrants and criminal complaint are part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; see also 28 U.S.C. § 1447(a). Even if we assume arguendo that the civil rights removal statute applies to the warrants and criminal complaint that Vora seeks to remove, her rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). We have no independent reason to believe that the Borough of Clearfield will not afford Vora any process she is due.

Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).