**Johnstown Police Cop KILLINGER**

v.

**Chandan S. VORA, Appellant.**

No. 07–2991.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Oct. 5, 2007.

Filed: Oct. 18, 2007.

Chandan S. Vora, Johnstown, PA, pro se.

Before SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Chandan S. Vora appeals the order of the United States District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B), her "notice of removal" of traffic citations issued by the Johnstown Pennsylvania Police Department.

In May 2007, Vora filed a "notice of removal" seeking to remove to the District Court two City of Johnstown police citations/summonses charging her with violations of Pennsylvania law, namely, careless driving, "turning movements and required signals," and failure to use right turn signal. She claimed that the City of Johnstown Police Department, Officer Killinger, and other city officials discriminated against her on account of her religious and ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court dismissed the petition, concluding that the "Notice of Removal" sought to attack state proceedings over which the District Court had no jurisdiction. The District Court also determined that the petition was frivolous under § 1915(e)(2)(B). Vora filed a motion to vacate, which the District Court denied. This timely appeal followed.

Vora has been granted leave to proceed *in forma pauperis* on appeal. Because her appeal lacks arguable merit, we will

---

**3.** The court reimposed the original 210 month sentence.

dismiss it pursuant to § 1915(e)(2)(B)(I). *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her petition was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the code violation citation was part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. *Id.*; *See also* 28 U.S.C. § 1447(a). Here, the citations are proceedings before a district justice on a municipal code violation; they are not state court criminal proceedings. Even if we assume *arguendo* that the civil rights removal statute applies to municipal code violation proceedings, Vora's rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. *See City of Greenwood v. Peacock,* 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Ronan v. Stone,* 396 F.2d 502, 503 (1st Cir.1968). We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).