

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# Janciga v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2484

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Janciga v. Vora" (2007). *2007 Decisions*. Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-2484
_____

JOHNSTOWN POLICE COP JANCIGA

vs.

CHANDAN S. VORA,
                                              Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00080)
District Judge: Honorable Gustave Diamond

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
Or Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 16, 2007
BEFORE: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Filed : December 7, 2007

_____

OPINION
_____

PER CURIAM.

Chandan S. Vora appeals the order of the United States District Court for

the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B),

1

her "notice of removal" of criminal citations issued by the Johnstown Police Department.

In April 2007, Vora filed a "notice of removal" seeking to remove a City of Johnstown traffic citation for not heeding traffic control signals, as well as two police complaints charging her with violations of Pennsylvania law (theft, receiving stolen property, disorderly conduct, scattering rubbish ( a repeat offense/misdemeanor)) and various traffic/nuisance citations. She claimed that the City of Johnstown Police Department, Officer Janciga, and other city officials had discriminated against her on account of her religious and ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court dismissed the petition as frivolous under 28 U.S.C. § 1915(e)(2)(B), holding that the "Notice of Removal" sought to attack state court proceedings over which the District Court had no jurisdiction and otherwise failed to state a claim. Vora filed a motion to vacate, which the District Court treated as a motion for reconsideration and denied. This timely appeal followed.

Vora has been granted leave to proceed in forma pauperis on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(I). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her "notice of removal" was correctly dismissed. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging

2

that the traffic citation and the criminal complaints are part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; see also 28 U.S.C. § 1447(a). Here, Vora was ordered to appear in a proceeding before a district justice on a traffic citation and various criminal violations. Even if we assume arguendo that the civil rights removal statute applies to the traffic citation and the criminal complaints that Vora seeks to remove, Vora's rambling, generalized, and unsupported allegations do not meet the specific criteria for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). Similarly, Vora's unsupported allegations would not suffice to state a claim under § 1983, were the "notice of removal" viewed as a complaint. We discern no abuse of discretion by the District Court in denying Vora's motion for reconsideration. We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due.

Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).