

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2008

# Christ v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Christ v. Vora" (2008). *2008 Decisions*. Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3541
_____

SGT. B. CHRIST

v.

DR. CHANDAN S. VORA,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 07-cv-0177
(Honorable Gustave Diamond)

_____

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges

(Filed: October 3, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Dr. Chandan S. Vora appeals pro se the orders of the United States District Court

for the Western District of Pennsylvania (i) dismissing pursuant to 28 U.S.C. §

1915(e)(2)(B) her "petition for removal" of police citations/summonses and trial notices

for summary offenses and (ii) denying her motion to vacate. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We will affirm.

In July 2007, Dr. Chandan Vora filed a "petition for removal" seeking to remove a police citation and related summons charging Vora with disorderly conduct, and trial notices in a summary case involving three traffic citations and one citation for scattering rubbish. She claimed that Sergeant B. Christ, of the City of Johnstown Police Department, and other city officials discriminated against her on account of her religious and ethnic background by issuing allegedly baseless and unconstitutional citations for summary offenses and traffic violations. By order entered July 23, 2007, the District Court dismissed the action. The District Court concluded that the removal petition sought to attack state proceedings over which it had no jurisdiction and that the petition otherwise failed to state a claim. Vora filed a "motion for injunction," which the District Court construed as a motion to vacate and denied. This timely appeal followed.

Upon thorough review of Vora's District Court pleadings, notice of appeal, and informal brief, we conclude that the District Court correctly dismissed her removal petition for lack of jurisdiction and correctly denied her motion to vacate. As she has done before, Vora petitioned for removal under the civil rights removal statute, 28 U.S.C. § 1443. This time, she alleges that Sergeant Christ trumped up charges against her. The civil rights removal statute applies only to the removal of state court proceedings. Id.; See also 28 U.S.C. § 1447(a). Here, the citations, summons, and trial notices pertain to

2

summary proceedings before a district justice; they are not state court criminal proceedings. Assuming arguendo that the civil rights removal statute applies to Vora's proceedings before a district justice, her rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968).

For the foregoing reasons, we will affirm the District Court's judgment.