

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2009

# Italian Orgin COP Na v. Chandan Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2877

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Italian Orgin COP Na v. Chandan Vora" (2009). *2009 Decisions.* Paper 1917.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1917

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-93**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-2877 & 08-3795
_____

ITALIAN ORIGIN COP FROM NANTY GLO,
BUREAU OF MOTOR VEHICLES

v.

CHANDAN S. VORA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00118)
District Judge:  Honorable Gustave Diamond

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2009
Before: SLOVITER, FUENTES and JORDAN , Circuit Judges

(Opinion filed: February 05, 2009)
_____

OPINION
_____

PER CURIAM

Chandan Vora appeals from the orders of the United States District Court of the

Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) her

petition for removal and denying her motion to vacate.

In May 2008, Vora filed a notice of removal and a motion to dismiss traffic citation No. B4452219-2, issued in East Taylor Township, Cambria County, Pennsylvania, and requested that her license be reinstated. Vora attached a copy of the traffic citation to her notice of removal, a Pennsylvania Department of Transportation letter to Vora dated January 21, 2008, recalling her drivers license for medical reasons, and a copy of a CT scan report. The traffic citation at issue indicates that in the early evening of April 18, 2008, Officer Christopher Saracena charged Vora with driving without a license. The Transportation Department letter informed Vora that, "[a]s of 02/11/2008, you may no longer drive. Your driving privilege is hereby recalled indefinitely as mandated by Section 1519(c) of the Vehicle Code." The Department advised Vora that "this action will remain in effect until we receive medical information that your condition has improved and you are able to safely operate a motor vehicle." Vora had the right to appeal the Department's decision to the Court of Common Pleas. The medical report, dated August 18, 2005, indicates the results of a CT scan of a possible tumor in Vora's brain.

In her notice of removal, Vora alleges "deep conspiratorial activities of Italian origin people with their supporters and workers which also include some British origin people as well as Irish people and Catholics . . . to defeat me in all respects...." She accuses the defendants of illegal practices including "fabricating diagnoses, emailing ordinances, statutes to target Vora, creat[ing] a 2nd Ramanujan, in her life, extract[ing] her

2

inventions and discoveries, claim[ing] credit for it and then tak[ing] her life as happened to Ramanujan." [1] She asserts that her condition is neurologic, not psychiatric, emphasizing that she has no history of psychiatric illness or of paranoid schizophrenia. She acknowledges, however, that in 1983, she suffered "uncountable fractures with closed brain injury, resulting in internal bleeding of the brain...."

By order entered on May 27, 2008, the District Court granted Vora in forma pauperis status and dismissed her notice of removal as frivolous because it sought the removal of state court proceedings over which the District Court had no jurisdiction. Vora filed a timely notice of appeal. Before she filed her appeal, Vora filed a motion to vacate in the District Court, alleging that she had been denied public transportation in Cambria County and requesting that Cambria County be added as a party "for refusing to let me use [the] bus because of body odor...." [2] The District Court denied the motion on August 25, 2008, and Vora filed a second notice of appeal.[3]

---

[1] Srinivasa Ramanujan, born in South India in 1887, was a brilliant mathematician whose contributions to the field were comparable to mathematicians Euler and Jacobi. He moved to England in 1914, but he soon fell ill. He returned to India in 1919 and died in 1920, at the age of thirty-two.

[2] She informed the District Court that her brother, a resident of Canada, has offered to come to Pennsylvania to take care of her if United States immigration officials permit him to do so. It appears that Vora is caught in something of a catch-22 as she no longer has a driver's license and, according to Vora, she is prohibited from taking public transportation. It appears that she is unaware of, or has not taken advantage of, transportation and other assistance that might be available to the elderly and disabled in Cambria County.

[3] The appeals have been consolidated.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Vora's response to the notice of possible summary action, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. Vora's notice of removal was correctly denied. She petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the traffic citation was part of a larger conspiracy by certain Italian, British, Irish and Catholic officers and other municipal officials or employees to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; See also 28 U.S.C. § 1447(a). Here, Vora was given a citation to pay a fine. Even if we assume arguendo that the civil rights removal statute applies to the traffic citation that Vora seeks to remove, her unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968). We discern no error by the District Court in denying Vora's motion to vacate and in refusing to add Cambria County as a party in the improperly removed matter.

Accordingly, we will summarily affirm the judgment of the District Court. Appellant's motions for transcripts and for injunctive relief pending appeal are denied.