

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2009

# Cop of Johnstown Pol v. Chandan Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cop of Johnstown Pol v. Chandan Vora" (2009). *2009 Decisions.* Paper 1563.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1563

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-141                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-2878 & 08-3796
_____

COP OF JOHNSTOWN POL DEPT

v.

CHANDAN S. VORA
                                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-00129)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: April 8, 2009)
_____

OPINION
_____

PER CURIAM

        Chandan Vora appeals from the orders of the United States District Court of the

Western District of Pennsylvania dismissing her petition for removal pursuant to 28

U.S.C. § 1915(e)(2)(B) and denying her motion to vacate.

In June 2008, Vora filed a petition for removal to which she attached an order of Judge Norman A. Krumenacker of the Court of Common Pleas of Cambria County dated May 21, 2008, denying her motion for an injunction to vacate his and "the jury's null and void judgments especially on guilty verdicts," various bench warrants issued for Vora's arrest on summary offenses, and notices of hearings on certain summary offense charges against her. She requested that the District Court vacate all of the guilty verdicts on all counts in all cases against her in state court. She alleged that Johnstown public officials and police officers of various ethnic backgrounds and religions are engaged in a conspiracy to violate her civil rights.

Vora accuses the defendants of illegal practices including denying her rights of access to the courts, due process, and equal protection, "by forcing me to proceed in both circuits federal and state system simultaneously, which a person in my neurological condition cannot do at all, cannot concentrate to get cases processed meaningfully in any courts , . . . . [and by] trying to take my life by creating such severe stress and strains with such fabricated charges out of extreme racism, trying to take my property of all kinds, even though it is strictly prohibited by the Fourteenth Amendment."

By order entered on June 9, 2008, the District Court granted Vora in forma pauperis status and dismissed her petition for removal as frivolous because it sought the removal of state court proceedings over which the District Court had no jurisdiction. Vora then filed a motion to vacate, attaching a copy of an order by Judge Krumenacker, dated June 4, 2008, directing the transfer of Vora's summary appeal of a traffic citation to

the Court of Common Pleas in Cambria County. She alleged that her license was suspended for no reason and that the suspension should be vacated. The District Court denied the motion on August 13, 2008. Vora filed a timely notices of appeal from both of the District Court's orders.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Vora's notice of appeal and other submissions on appeal, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. Vora's petition for removal was correctly denied. She sought removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the state court judgments, jury verdicts, bench warrants and citations were the result of a conspiracy by certain Italian, British, Irish and Catholic officers and other municipal officials or employees to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. Id.; See also 28 U.S.C. § 1447(a). Even if we assume arguendo that the civil rights removal statute applies to the matters that Vora seeks to remove, her unsupported allegations do not meet the specific criterion for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968).

Accordingly, we will summarily affirm the judgment of the District Court. Appellant's motions for injunctive relief pending appeal and "for further extension to file

---

[1] The appeals have been consolidated.

argument" are denied.