

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2009

# Bur Mtr Vehicles v. Chandan Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bur Mtr Vehicles v. Chandan Vora" (2009). *2009 Decisions.* Paper 1562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-142                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-3288 and 08-3797
_____

BUREAU OF MOTOR VEHICLES
KILLINGER,

v.

DR. CHANDAN S. VORA
                                                  Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00149)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2009

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2009)
_____

OPINION
_____

PER CURIAM

        Doctor Chandan Vora appeals from the orders of the United States District Court

of the Western District of Pennsylvania dismissing her notice of removal pursuant to 28

U.S.C. § 1915(e)(2)(B) and denying her motion to vacate.

In June 2008, Vora filed a notice of removal and an "Omnibus" motion to dismiss all charges of the Bureau of Motor Vehicles against her and requested that her license be reinstated. Vora attached a copy of the Official Notice of Suspension of Driving Privileges issued by the Department of Transportation, Bureau of Driver Licensing regarding traffic citation No. B51231670. The Notice informed Vora that her driving privilege was suspended effective May 21, 2008, for failing to respond to the traffic citation and noted that she owed the Bureau $93.50. Vora also attached a copy of a CT Scan report dated August 18, 2005, which was taken for a possible brain lesion.

In her notice of removal (which is very similar to one she filed previously), Vora alleges "deep conspiratorial activities of Italian origin people with their supporters and workers which also include some British origin people as well as Irish people and Catholics . . . to defeat me in all respects...." She accuses the defendants of continuous discrimination of all kinds, including "extracting" her inventions and discoveries and ruining her reputation and that of her family. As she has asserted in a prior complaint, Vora alleges that the defendants engage in "fabricating diagnoses, emailing ordinances, statutes to target Vora, creat[ing] a 2nd Ramanujan, in her life. . . ." [1] She asserts that her

---

[1] Srinivasa Ramanujan, born in South India in 1887, was a brilliant mathematician whose contributions to the field were comparable to mathematicians Euler and Jacobi. He moved to England in 1914, but he soon fell ill. He returned to India in 1919 and died in 1920, at the age of thirty-two.

2

condition is neurologic, not psychiatric, emphasizing that she has no history of psychiatric illness or of paranoid schizophrenia.

By order entered on June 30, 2008, the District Court granted Vora in forma pauperis status and dismissed her notice of removal as frivolous because it sought the removal of state court proceedings over which the District Court had no jurisdiction. Vora then filed a motion to vacate, attaching a copy of letter from the Bureau of Driver Licensing dated October 3, 2007, notifying her that the suspension that had been imposed at that time was rescinded. She also included an "affidavit" in which she reiterated that she is completely sane and that a judge's appointment of a Guardian ad litem for her (who was later discharged) was fraudulent. The District Court denied the motion on August 13, 2008. Vora filed timely notices of appeal from both District Court orders.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Vora's notice of appeal and other submissions, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. Vora's notice of removal was correctly denied. She petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the state court judgments, jury verdicts, bench warrants and citations were the result of a conspiracy by certain Italian, British, Irish and Catholic officers and other municipal officials or employees to violate her civil

---

[2] The appeals have been consolidated.

3

rights.  The civil rights removal statute applies only to the removal of state court proceedings.  Id.; See also 28 U.S.C. § 1447(a).  Even if we assume arguendo that the civil rights removal statute applies to the matters that Vora seeks to remove, her unsupported allegations do not meet the specific criterion for § 1443 removal.  See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968).

Accordingly, we will summarily affirm the judgment of the District Court. Appellant's motion for injunctive relief pending appeal is denied.