CONSPIRATORS

v.

**Chandan S. VORA, Appellant.**

No. 09–2566.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
due to Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C.
§ 1915(e)(2)(B) or Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Aug. 27, 2009.

Opinion filed: Sept. 21, 2009.

Chandan S. Vora, Johnstown, PA, pro se.

Before SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Chandan S. Vora appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) her "petition for removal" filed on April 6, 2009.

As she has done repeatedly before, Vora filed a "petition for removal" in the District Court. She wanted all charges against her dismissed and she sought federal court oversight of and protection from "conspirators" employed by Cambria County police officers and the magisterial district court, who, she said, issued false citations against her and demanded that she pay overdue fines and costs to the county, despite her inability to pay. She claimed that racial and religious bigotry motivated these charges. In her supplement to the petition, Vora attached a non-traffic citation (No. NT–0000222–09) charging her with "scatter rubbish upon land/stream" dated April 1, 2009, two notices of overdue fines and costs (in CP–11–CR–0002644–2006 and CP–11–CR–0000409–2000) totaling $750, and an undated "petition" submitted by the City of Johnstown, in which the City sought a court order permitting it to enter Vora's property for the purpose of removing trash and to sell any items of value, the proceeds of which would be applied to the cost of the trash removal by the City.

The District Court concluded that the "Petition for Removal" sought to attack state court proceedings over which the District Court had no jurisdiction. Vora filed a timely motion to vacate, in which

she reasserted, inter alia, that she has been totally disabled since 1983.[1] The District Court denied the motion. This timely appeal followed.

Vora has been granted leave to proceed *in forma pauperis* on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000).

Although we sympathize with Vora's personal hardships, after reviewing the District Court pleadings and notice of appeal, we conclude as a matter of law that her petition was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443. The civil rights removal statute applies only to the removal of state court proceedings. *Id.; see also* 28 U.S.C. § 1447(a). We doubt that any of the proceedings Vora seeks to remove qualifies as a state court proceeding. Even if we assume *arguendo* that the civil rights removal statute applies to municipal code violation proceedings, to the municipal petition to enter onto Vora's land, and to notices of overdue fines issued by the Cambria County Court of Common Pleas, Vora's rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir.1968).

Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Vora's motion for a stay is denied.

---

1. Vora states that due to the alleged conspiratorial activities, she "does not have time to eat also, many times[.][A]nd Vora has to make sure that she can get around, as she has nobody to bank on, or [anybody] who will take care of her at anytime as her parents are dead and circumstances got perpetrated on Vora [so] that she could not even make visits to India to her sister [and] brothers, such that by filing such false charges on me, time and again, more than 50, these conspirators have managed to cut me off completely from my kins [so] that nobody wants to accept me as a family member and ... it is impossible for Vora to live alone in India without a family member taking care of her." *See* Motion to Vacate at 19.