OPINION
PER CURIAM.
Chandan S. Vora appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) her “petition for removal” filed on June 9, 2009.
Vora filed a “petition for removal” in the District Court seeking that all charges against her be dismissed. She sought federal court oversight of and protection from “conspirators,” including Cambria County police officers and the magisterial district court, who allegedly preyed on her obvious *588 disability and issued false citations against her, demanding that she pay overdue fines and costs to the county despite her inability to pay.[1] She claimed that racial and religious bigotry and disregard for her age of 74 years, her handicapped condition, and her gender motivated these charges. In her petition, Vora attached a police criminal complaint dated April 29, 2009, filed by Johnstown Police Officer Killinger, which charged Vora with loitering and prowling at nighttime, disorderly conduct, interfering with the contents of a trash receptacle and scattering rubbish. She also included a summons and notice of a preliminary hearing before District Judge Michael Musulin regarding the aforementioned complaint and several letters from the Cambria Court of Common Pleas concerning past due court ordered costs, fines and fees.
The District Court concluded that the “Petition for Removal” sought to attack state court proceedings over which the District Court had no jurisdiction. Vora filed a timely motion to vacate, in which she reasserted, inter alia, that she was struck by Officer Killinger on April 29, 2009, and that she suffered a perforated ear drum as a result.[2] She attached a medical report dated June 10, 2009. (See Motion to Vacate at 12.) The District Court denied the motion. This timely appeal followed.
Vora has been granted leave to proceed in forma pauperis on appeal. Because her appeal from the dismissal of her petition for removal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000).
After reviewing the District Court pleadings and notice of appeal, we conclude as a matter of law that her petition was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443. The civil rights removal statute applies only to the removal of state court proceedings. Id.; see also 28 U.S.C. § 1447(a). We doubt that any of the proceedings Vora seeks to remove qualifies as a state court proceeding. Even if we assume arguendo that the civil rights removal statute applies to the Johnstown Police complaint, the summons to a preliminary hearing before a district judge, and the letters concerning overdue costs, fines and fees, Vora’s rambling, generalized, and unsupported allegations do not meet the specific criteria for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir.1968).
Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Vora’s motions for injunction, “to move the case,” and for a stay are denied.

. Vora believes that the appellees are well aware that her physically disabled condition and her overall health condition "are extremely bad” because her "neurologic pains,” she believes, "are much worse than [the type of pain associated with] cancer.” (See Petition for removal, at 2.) She attached to her petition a copy of a medical report from 2005. (Id. at 86.)

. We note that Vora’s allegations that Officer Killinger assaulted her in April 2009 and continues to harass her by using his cruiser to prevent her from passing on the street and sidewalk, although troubling, were not raised in a complaint filed pursuant to § 1983.