CONSPIRATORS

v.

**Chandan S. VORA, Appellant.**

No. 09–4608.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Due to a Jurisdictional Defect, Possible Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 19, 2010.

Opinion filed: March 4, 2010.

Chandan S. Vora, Johnstown, PA, pro se.

Before: BARRY, FISHER and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

I.

Chandan S. Vora appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing her "petition for removal" pursuant to 28 U.S.C. § 1915(e)(2)(B). As she has done before, Vora filed a "petition for removal" in the District Court seeking federal court oversight of and protection from "conspirators," including Cambria County police officers and other public officials, who have allegedly issued false citations against her. Vora claims that racial and religious bigotry motivated the charges. The District Court concluded that the "petition for removal" sought to attack state court proceedings over which the District Court lacked jurisdiction. Vora appeals the District Court's dismissal of her petition.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The District Court's order was entered on November 2, 2009. Vora filed her notice of appeal on December 3, 2009, one day beyond the thirty-day period prescribed by Fed. R.App. P. 4(a)(1)(A). The District Court's final order, however, does not appear to satisfy the "separate document" rule of Federal Rule of Civil Procedure 58; thus, the time for filing an appeal did not begin to run with the issuance of that order. *See* Fed.R.Civ.P. 58; *see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n,* 503 F.3d 217, 223 (3d Cir.2007). An order is considered a separate document only if it: (1) is self-contained and separate from the opinion; (2) notes the relief granted; and (3) omits (or at least substantially omits) the court's reasons for disposing of the claims. *See LeBoon,* 503 F.3d at 224. The District Court's order failed to satisfy the first and third criteria.

When a judgment is required to be set forth on a separate document, that judgment is not treated as entered until it is set forth on a separate document or until the expiration of 150 days after its entry in the civil docket under Fed.R.Civ.P. 79(a), whichever occurs first. *See* Fed. R.App. P. 4(a)(7)(A)(ii). Accordingly, entry of judgment and commencement of the thirty-day period for filing a notice of appeal will not occur in this case until April 1, 2010. *See LeBoon,* 503 F.3d at 223. As such, Vora's notice of appeal is timely and

we have jurisdiction over the appeal. *Id.* at 225.

We exercise plenary review over the District Court's sua sponte dismissal. *See Allah.v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Because we have granted Vora in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss an appeal under § 1915(e) if it lacks an arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

After reviewing the District Court pleadings and notice of appeal, we conclude as a matter of law that her petition was correctly dismissed. Vora sought removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that certain state court judgments and citations were the result of a conspiracy by certain public officials to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. *Id.*; *see also* 28 U.S.C. § 1447(a). Even if we assume, arguendo, that the civil rights removal statute applies to the matters that Vora seeks to remove, her unsupported allegations do not meet the specific criteria for § 1443 removal. *See City of Greenwood v. Peacock,* 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Ronan v. Stone,* 396 F.2d 502, 503 (1st Cir.1968). Having found no legal merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).