BLD-112                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3683
_____

COMMONWEALTH OF PENNSYLVANIA

v.

DR. CHANDAN S. VORA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00184)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed  March 1, 2011)
_____

OPINION
_____

PER CURIAM

Chandan S. Vora appeals from the order of the United States District Court for the

Western District of Pennsylvania dismissing her notice of removal pursuant to 28 U.S.C.

1915(e)(2)(B)(ii) and denying her motion to vacate.

Vora's notice of removal, filed in July 2010, alleged that the Cambria County

Common Pleas Court's Cost and Fines Collection Bureau discriminated against her. She sought to remove the Bureau's letter notices warning Vora that she owed over two-hundred dollars in past court-ordered costs, fines, restitution and fees, and that her failure to pay the debt could result in being held in contempt of court, an arrest warrant, suspension of her driver's license, or referral of the matter to a collection agency. She attached copies of two letter notices dated June 4 and 7, 2010. Vora's rambling discrimination claims span a lifetime of complaints that people have been trying to steal her inventions and that the employees of the Cambria County Common Pleas Court (and the police department) have fabricated criminal charges against her based on her Indian ethnicity and deliberately destroyed official 911 tapes and her own recordings of 911 calls, among other things.

By order entered on July 21, 2010, the District Court granted in forma pauperis status to Vora and dismissed her notice of removal as frivolous because it sought to remove state court proceedings over which the District Court lacked jurisdiction. Vora filed a motion to vacate the dismissal order in which she set forth "the contents of all prior pleadings in all prior cases to this date . . . ." The District Court denied the motion on August 4, 2010. Vora filed this timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Vora's notice of appeal and other submissions, we conclude that there is no substantial question presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6. We agree with the

2

District Court's dismissal of Vora's notice of removal and denial of her motion to vacate. Vora's petition for removal, presumably brought under the civil rights removal statute, 28 U.S.C. § 1443, alleges that the Common Pleas Court's collection notices are discriminatory, part of a conspiracy perpetrated, in part, by the court's collections bureau. The civil rights statute applies only to the removal of state court proceedings. Id.; see also, 28 U.S.C. 1447(a). Assuming, arguendo, that the civil rights removal statute applies to the matters that Vora seeks to remove, her unsupported allegations do not meet the specific criteria for § 1443 removal. See City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968).

Accordingly, we will summarily affirm the District Court judgment.